## H. L. DREYER *v.* THE STATE.

1. THEFT — OWNERSHIP.— Indictment for theft of cattle alleged the ownership to be in one B. The proof showed that the cattle belonged to the estate of the deceased father of B., but that B. had the charge and control of them. *Held,* under article 426 of the Code of Procedure, that the ownership was well alleged in B., and that the proof was germane to the allegation.

2. POSSESSION OF RECENTLY STOLEN PROPERTY — CHARGE OF THE COURT.— When the chief inculpatory fact in a trial for theft was possession of the stolen property recently after the theft, it was error to refuse a requested instruction to the effect that such possession was not of itself sufficient to warrant a conviction.

3. VENUE OF OFFENSE.— Unless the record on appeal shows that there was proof of the venue of the offense, the conviction will be set aside.

Appeal from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

The indictment charged that, on or about January 1, 1881, in the county of Nueces and State of Texas, the appellant did "unlawfully and fraudulently take and steal from and out of the possession of one Mateo Baladez, of the property of the said Mateo Baladez, five certain head of neat cattle, without the consent of the said owner of the said property, and with the intent to deprive the said owner of the value of the said property, and to appropriate it then and there to the use and benefit of him the said person then and there so as aforesaid taking the same; contrary," etc. The jury found appellant guilty, and assessed his punishment at a term of two years in the penitentiary.

Such matters of fact as are immediately relevant to the rulings are disclosed in the opinion. There had been no administration on the estate of Jose Maria' Baladez, the father of Mateo, in whom the ownership was alleged. Appellant was a butcher in Corpus Christi, and the merchants in whose warehouse the hides were found usually bought the hides of the animals he slaughtered. He claimed to have bought from one Tomayo the five head of cattle from which the hides were taken, and he produced some evidence in support of the claim. Several interesting questions besides those passed upon by this court are discussed with much force and ability in the printed argument of the appellant's counsel.

*McCampbell & Givens*, and *Welch & Givens*, for the appellant. At the death of Jose Maria Baladez, the exclusive management, control and disposition of the community property passed to his surviving wife, subject to the payment of debts and a distribution of their several moieties to the heirs, as they became of age. Mateo Baladez

at no time had legal possession of any cattle of Jose Maria Baladez, deceased; and since the ownership and possession was, in the indictment, laid in him, only proof consistent with that allegation should have been admitted. It was doubtless the presumption of the trial court (as shown by his ruling on this question) that article 426, Code Crim. Proc., sustained said ruling. We think it exceedingly doubtful whether said article authorized the position thus taken by the trial judge, that the ownership and possession was properly laid in Mateo Baladez.

The statute provides that the exclusive management, control and disposition of the community property of Jose Maria Baladez, deceased, was in his wife, subject to debts.

Then this property under the law did not belong to the estate of Jose Maria Baladez. One-half of it belonged to the surviving wife and the other half to the children of the marriage, seven in number, none of whom is shown to have been of lawful age so as to entitle them to any portion of the common property. Nothing was before the court to show that, after the debts were paid, anything would be left. It is true that Mateo Baladez testifies that he had charge of the stock, but he admits they were in his mother's possession and that she had the right to sell them. But we think this falls far short of the possession, charge or control requisite under said art. 426, Code Crim. Proc. True, a minor son whose services belong to his parents, working stock on a stock ranche, has a certain kind of charge and control, but no actual charge or control exclusive from the parent. It is only such as a day laborer would have. The ownership, possession, charge, control and management still remain in the mother, where the law places it, and the charge and control of Mateo Baladez was not such as would authorize or draw ownership with it.

Again, the property not belonging to the estate of Jose Maria Baladez, the ownership could not properly be alleged in one of the minor heirs, whose interest was con-

tingent.   The property was not owned in common until the debts were discharged, if any.

Again, we contend that under the law the surviving wife is, after the death of her husband, the head of the family and takes his place as regards the community property and the minor children.   She is to care for, educate, clothe and maintain them; to pay the debts, and manage and control the property.   It is only when the minor becomes of age, if there is any property remaining of the community, that he acquires an interest.   It must be conceded that the interest of minors in their father's estate, during his lifetime, is only a contingent one; and if upon his death the surviving wife has the same exclusive management, control and disposition of the property, what is the interest of the minors, but still a contingent one ?   The provision of requiring the survivor to give bond, is only a protection, not the vesting of an estate either real or personal, and the survivor can sell and dispose of all the personal property; and hence the minors cannot be said to have an interest therein, nor is it in the nature of property in common with survivor and minors.   We think this question of allegation regarding ownership of community property is settled in the case of *Wilson* v. *State*, 3 Texas Ct. App. 206.

We submit as the first proposition under the fifteenth assignment, that in a trial for a felonious theft, where the only inculpatory fact against an accused is possession of the property recently stolen, the jury should be instructed that it is a circumstance proper for their consideration in determining the guilt or innocence of the accused, but does not of itself constitute sufficient evidence to warrant a conviction.

The above charge in writing was asked by defense to be given by the court.   It was refused, and defendant excepted to the refusal.   *Hernandez* v. *State*, 9 Texas Ct. App. 288, and cases there cited.

The evidence does not disclose when, where or by whom

the cattle alleged to have been stolen, were taken, if ever taken. Hides were found and claimed to be those of the stolen cattle, and traced to defendant's possession. Suppose Doddridge & Davis could not have recollected from whom they received the hides, would their possession, unaccounted for, have been theft? The rule as announced in the case of *Hernandez* v. *State,* by the Court of Appeals, is imperative; yet in this case it was ignored by the trial judge; with the gravest consequences to the accused.

In a prosecution for theft, a verdict of the jury finding defendant guilty as charged in the indictment is a finding for theft; and cannot be sustained in the absence of evidence as to theft or any unlawful taking. Nor can the verdict be sustained by evidence sufficient to show the offense of receiving stolen property knowing it to be stolen. *McCampbell* v. *State,* 9 Texas Ct. App. 124; *Chapman* v. *State,* 1 Texas Ct. App. 728; *Martin* v. *State,* 44 Texas, 172; *Tollett* v. *State,* 44 Texas, 95; *Barnes* v. *State,* 43 Texas, 98.

The indictment herein against appellant was for theft of cattle; the verdict of the jury, " guilty as charged in the indictment." We submit, in all candor, that the evidence of the prosecution considered in the strongest light against the accused fails to show even a probable case of theft by him. The place the cattle were stolen from was 42 miles from Corpus Christi, and no evidence was produced or could have been produced that appellant or his employees ever left Corpus Christi or were seen outside its limits. No attempt is made by the prosecution to show a taking by appellant or any other person, of the cattle claimed to have been stolen. ·

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was indicted for the theft of five certain head of neat cattle, alleged to be the prop-

erty of one Baladez, in the county of Nueces. The in-. dictment is in substantial compliance with what is termed the common-sense indictment act of March 26, 1881, and is deemed sufficient, not only because it is in compliance with the statutes but because the form contains all the essential requisites of an indictment for theft.

Agreeably to the principal State's witness, he was in charge of and lived at the Calaveras Ranche, Nueces county, and the cattle described in the indictment belonged to Jose Maria Baladez, deceased, and the witness has control of the Jose Maria Baladez cattle. He says: "I have control of Jose Maria Baladez's cattle. I am his son. I have control of the cattle, though they are in my mother's possession. I am head man that has control of the ranche."

The law is that where one person owns property, and another person has the possession, charge or control of the same, the ownership may be alleged to be in either. When property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator, or heirs of such deceased person, or in any one of such heirs. Code Crim. Proc. art. 426. The possession of the son of the deceased father, or the fact that the person alleged to be the owner had control or management of the cattle alleged to have been stolen, would be such allegation of ownership, although the deceased father's estate or the mother of the witness held the title.

It was in proof that when the cattle were missing from the ranche in question, and search was made without finding them, the principal witness for the State went to Corpus Christi in search of them, and there found five hides in a warehouse belonging to Doddridge & Davis, and the hides were shown to have been purchased from the defendant. The principal inculpatory fact against the defendant was this find of the hides.

Under this state of the evidence counsel for the defend-

ant requested the court to charge the jury that "the possession of property recently stolen is a circumstance proper for the consideration of the jury in determining the guilt or innocence of the accused, but did not of itself constitute sufficient evidence to sustain a verdict of guilty." We are of opinion that the charge announces a correct principle of law, and was applicable to the facts proved on the trial, and that the court erred in refusing to give it in substance to the jury. The proof fails to establish that the cattle were stolen in Nueces county, and this feature of the case would require a reversal of the judgment. Other errors are complained of, which are either deemed not sufficient to cause a reversal of the judgment, or will be easy of correction in another trial.

Because the venue has not been sufficiently proven, and because the court erred in refusing the charge set out above, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*